UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50031
Summary Calendar
_____


JARRETT NELSON,

Petitioner-Appellant,

versus

WAYNE SCOTT, Director
Texas Dept. of Criminal
Justice, Institutional
Division,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Western District of Texas
(W 93 CA 410)
_____

(August 17, 1995)


Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.[*]

GARWOOD, Circuit Judge:

Petitioner-appellant Jarrett Nelson (Nelson), a Texas state prisoner, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

_____

[*]   Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

**Facts and Proceedings Below**

On August 22, 1991, a Texas grand jury returned an indictment charging Nelson with the delivery of a controlled substance, namely cocaine. The indictment also alleged that Nelson had used and exhibited a deadly weapon (cocaine) during the commission of the offense. The indictment recounted that Nelson delivered a controlled substance to Darrell Deloach (Deloach) on or about February 26, 1991, in Robertson County, Texas, by "actually transferring, constructively transferring, or offering to sell said controlled substance." In addition, the indictment included three enhancement paragraphs reciting that Nelson had three prior felony convictions. On October 8, 1991, Nelson moved to quash the indictment on the ground that it did not describe in sufficient detail the offense for which he was being charged. The trial court denied this motion, and the case proceeded to trial on October 9, 1991.

The evidence at trial showed that on February 26, 1991, Deloach, a member of the Brazos Valley Narcotics Trafficking Task Force, and Eddie Wood (Wood), a confidential informant, parked their vehicle behind a club in Hearne, Texas. Hood called out to some men who were standing behind the building, and four men, including Nelson, approached the vehicle. Describing the ensuing drug transaction, Deloach testified that Nelson handed a rock of crack cocaine to one of the four men, who then sold the rock to Deloach for $15. Deloach testified that he negotiated the price with Nelson and that he gave the $15 to Nelson. The entire

2

transaction was recorded by video camera, and the prosecution played the video tape at trial.

On October 9, 1991, the jury found Nelson guilty of the delivery of a controlled substance as charged in the indictment. The trial court made an affirmative finding that Nelson used a deadly weapon, cocaine, during the commission of the offense. After Nelson pleaded true to each of the three enhancements alleged in the indictment, the trial court sentenced him to eighty years in prison. On appeal, the Texas Tenth Court of Appeals affirmed Nelson's conviction but modified the judgment to delete the deadly weapon finding. Nelson did not file a petition for discretionary review with the Texas Court of Criminal Appeals, but he did file a state application for a writ of habeas corpus. On May 23, 1993, the trial court entered findings rejecting the arguments raised in Nelson's state habeas application. On September 8, 1993, the Texas Court of Criminal Appeals denied Nelson's habeas application without written order on the findings of the trial court.

Proceeding *pro se* and *in forma pauperis*, Nelson then filed this section 2254 petition in the district court below, raising the same arguments that he raised in his state habeas application. Nelson argued that (1) the indictment in his case was insufficient, (2) the evidence was insufficient to support his conviction, (3) one of his prior convictions used to enhance his sentence was void because there was no proof that it was a final conviction, and (4) all three of his prior convictions used for enhancement were void because there was insufficient evidence to support his guilty pleas

3

in those cases.  The district court referred the case to a magistrate judge on December 8, 1993.  On November 10, 1994, the magistrate judge issued a report that recommended denying Nelson's petition.  In his report, the magistrate judge stated that Nelson's indictment claim provided no basis for federal habeas relief, that the evidence was sufficient to support his conviction, and that he had waived his challenges to the enhancement convictions by pleading true to the enhancement paragraphs of the indictment. Nelson filed written objections to the magistrate judge's report. In a judgment dated December 21, 1994, the district court adopted the magistrate judge's report, denied Nelson's petition, and dismissed his case without prejudice.[1]  Nelson filed a timely notice of appeal, and on January 25, 1995, the district court granted him a certificate of probable cause to appeal and leave to proceed *in forma pauperis* on appeal.

## Discussion

Nelson argues that the charging indictment was defective because it failed to specify the exact manner or theory of the transfer of the cocaine, thereby failing to give him adequate notice to allow him to prepare a defense.  The sufficiency of a state indictment is not cognizable under section 2254 unless it can be shown that the indictment is so defective that the convicting

---

[1]    On March 25, 1995, respondent Wayne Scott filed a motion in the district court to amend the judgment pursuant to Fed. R. Civ. P. 60(a) to state that Nelson's case is dismissed with prejudice. On March 28, 1995, the district court issued an order amending the December 21, 1994, judgment to reflect that Nelson's suit was dismissed with prejudice.

4

court had no jurisdiction. *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir.), *modified on reh'g*, 12 F.3d 70 (5th Cir.), *cert. denied*, 115 S.Ct. 157 (1994). Furthermore, when the state courts have held that the indictment is sufficient under state law, a federal habeas court need not consider such a claim. *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985) ("[A] federal habeas court will not consider such claims when it appears . . . that the sufficiency of the indictment was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case.") (internal quotation marks and citations omitted).

Nelson raised the same argument concerning the allegedly defective indictment in his state habeas application. Rejecting his argument, the state trial court stated, "[T]he State was not required to specify which one of the disjunctively-charged theories of delivery it was going to prove at trial. The indictment placed [Nelson] on notice that he needed to prepare his defense under all three theories." The Texas Court of Criminal Appeals denied Nelson's habeas application without written order "on [the] findings of [the] trial court." "By refusing to grant [Nelson] relief, . . . the Texas Court of Criminal Appeals has necessarily, though not expressly, held that the Texas courts have jurisdiction and that the indictment is sufficient for that purpose." *Id.* (footnote omitted). Accordingly, we will not

consider Nelson's argument that the indictment was insufficient.[2]

Nelson next argues that the evidence at trial was insufficient to support his conviction for delivery of a controlled substance, asserting that there was no evidence that he actually transferred or offered to sell the cocaine and that the evidence demonstrated that a third person passed, sold, and delivered the cocaine to Deloach. In evaluating whether a state conviction is supported by sufficient evidence, we view the evidence in the light most favorable to the prosecution and then determine whether a rational trier of fact could have found the petitioner guilty beyond a reasonable doubt. *Jackson v. Virginia,* 99 S.Ct. 2781, 2789 (1979). We apply this standard with reference to the substantive elements

_____

[2] We also note that a defendant has, of course, a Sixth Amendment right to adequate notice of the charges against him. *McKay v. Collins*, 12 F.3d 66, 69 (5th Cir. 1994). We hold that the indictment in the instant case provided Nelson with adequate notice of the charges against him. We find support for our holding in *Schad v. Arizona*, 111 S.Ct. 2491 (1991). There, the defendant was found guilty of first-degree murder by a unanimous jury. The trial court instructed the jury that it must reach a unanimous verdict that the defendant committed first degree murder, which Arizona defined as either premeditated murder or felony murder. The trial court, however, did not instruct the jury that it was required to reach a unanimous verdict with respect to either premeditated murder or felony murder. Rejecting the defendant's argument that the trial court should have instructed the jury that it was required to agree unanimously on one of the alternative theories of first-degree murder, a plurality of the Court affirmed the defendant's sentence, reasoning that "the State had proved what, under state law, it had to prove: that petitioner murdered either with premeditation or in the course of committing a robbery." *Id.* at 2496. By way of analogy, we note that if unanimity is not required at the jury stage, it is not required at the notice stage. *See id.* ("Our cases reflect a long-established rule of the criminal law that an indictment need not specify which overt act, among several named, was the means by which the crime was committed.").

of the criminal offense as defined by state law.  *Isham v. Collins,* 905 F.2d 67, 69 (5th Cir. 1990).  Under Texas law, delivery of a controlled substance may be proved through the mutually exclusive methods of actual transfer, constructive transfer, or offer to sell.  *Lacy v. State*, 782 S.W.2d 556, 557-558 (Tex.App.--Houston [14th Dist.] 1989, no writ).

Because the trial court instructed the jury on all three methods of delivery, the jury only had to find that the prosecution proved one of the three.  Moreover, the trial judge properly instructed the jury on the law of parties, stating that a "person is criminally responsible for an offense committed by the conduct of another if:  acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense."  Based on our review of the evidence presented at trial, we hold that the prosecution presented sufficient evidence to prove all three theories.

Nelson contends that one of his prior convictions used to enhance his sentence was invalid because it was not a final conviction.  He also asserts that all three of his prior convictions used for enhancement are void because there was no evidence to support his guilty pleas in those cases.  Nelson raised this same argument in his state habeas application.  Rejecting this argument, the state trial court found that Nelson "plead[ed] true to all three enhancement paragraphs and acquiesced in the admission of the three pen packets which proved up the three prior

7

convictions of which he now complains."  We have held that a habeas petitioner who has pleaded true to enhancement charges and is not currently serving a prison sentence for one of his prior convictions has "waived any complaints he may have had concerning the former offenses which were set out in the enhancement charge." *Long v. McCotter*, 792 F.2d 1338, 1340 (5th Cir. 1986) (citation omitted), *see id.* at 1343 (holding that a defendant's plea of true to enhancement charges constitutes an admission that he "had been *duly and legally* convicted of the prior charge[s]") (emphasis in original; internal quotation marks and citation omitted).  Nelson does not allege that he was still serving the sentences for any of the convictions set forth in the enhancement paragraphs.  He is attacking only the enhancement of his 1991 sentence.  His challenges to his prior convictions are barred.

## Conclusion

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

8